## REYNOLDS VS. CARPENTER.

STATUTE OF FRAUDS.— A promise to pay the debt of another is void unless in writing, expressing the consideration upon which the promise is founded. There must be some new consideration to support a promise made by a third person to pay the preëxisting debt of another in order to take it out of the statute of frauds.

ERROR to the Circuit Court for *Columbia* County.

This was an action of assumpsit, originally commenced in a justice's court in Columbia county, by the defendant in error. The declaration was founded upon the *naked* promise of the plaintiff in error, to the defendant in error, for certain board bills of various persons, to various amounts, due to him, but for which the plaintiff in error was not indebted, and including several bills against some of those persons, for horse keeping, etc., in the whole amounting to $27.03. The justice rendered a judgment in favor of the plaintiff in error. From this judgment he appealed to the circuit court for Columbia county, and the cause was tried in that court. On the trial, the plaintiff introduced evidence and offered to prove a verbal agreement on the part of the defendant below, with the plaintiff below, to assume and pay to the plaintiff, the amount of certain board bills due the plaintiff from several persons, to whom defendant was not indebted, and who were seeking employment from the defendant, on the canal across the Portage at Fort Winnebago, in consideration that these men, the debtors of the plaintiff, would go to work for him, the defendant. To this proof the plaintiff in error objected on the ground that the undertaking was within the statute of frauds and void. The court overruled the objection and the plaintiff excepted to such ruling, and the evidence was given. After the evidence was closed, the counsel for the plaintiff in error requested the judge to instruct the jury, that to entitle the defendant in error to recover any amount assumed and promised to be paid by the plaintiff in error, for other persons, such promise must have been shown to have been in writing, expressing the consideration therefor and signed by the plaintiff in error. The court declined so to charge the jury, and the jury found in favor of the defendant in error, upon which he had judgment.

*A. L. Collins* and *Chauncey Abbott*, for plaintiff in error insisted, that his verbal promise to pay the demand of the defendant in error, not having been in writing, only in parol,

without any consideration passing between the parties, was void under the statute of frauds. Statutes of Wisconsin, 388; *Smith v. Ives*, 15 Wend., 182; *Packer v. Wilson*, 15 id., 343; 20 id., 201; *Larson v. Wyman*, 14 id., 246; *Simpson v. Patton*, 4 Johns., 422; *Jackson v. Rayner*, 12 id., 291; 2 Term, 18; *Barker v. Bucklin*, 2 Denio, 54.

2. That an original promise to pay the debt of another is ineffectual, unless some consideration passes between the parties thereto; and to that point cited 8 Johns., 29; 4 Cow., 432; Chitty on Cont., 509, 510; 13 Wend., 114.

*Botkin & Knapp*, for the defendant in error, claimed that the exceptions taken did not set out with sufficient distinctness the evidence in the case, so that this court could determine whether the instructions of the judge, or his refusal to instruct the jury, were such as to authorize an interference with the finding of the jury, and to this point cited the cases of *Gale v. Pierson*, 6 Miss., 253; *Hamilton v. Moore*, 4 Watts & Serg., 570; *Hawthorn v. Muldrow*, 8 Miss., 617; *Ingram v. The State*, 7 id., 253; *Gamble v. Hamilton*, 7 id., 496.

LARRABEE, J. It is clear from the authorities introduced by the counsel for the plaintiff in error, that the ruling of the court below, admitting the proffered evidence of the defendant in error, under the objection taken thereto, was erroneous. There can be no doubt but that the case at bar was within the statute of frauds, and that the action could not be maintained under the proof made.

.Judgment reversed.